ASH

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Omar Velarde-Maldonado,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Jeff B. Sessions, *et al.*,<br><br>　　　　　　Respondents. | No. CV-17-01018-PHX-JJT (MHB)<br><br>**ORDER** |

　　　　Petitioner Omar Velarde-Maldonado filed through counsel a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and a Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 2). In an April 24, 2017 Order, the Court required an answer to the Petition and the Motion.

　　　　On April 16, 2017, Respondents filed a Response to the Petition (Doc. 12) and a Response to the Motion (Doc. 13). On May 17, 2017, Petitioner filed a Reply (Doc. 14). The Court will grant in part, and deny in part, the Motion.

**I.　　Background**

　　　　Petitioner is a native and citizen of Mexico. Petitioner most recently entered the United States in May 2008. In April 2016, Petitioner was apprehended by ICE, and ICE sought to reinstate Petitioner's prior order of removal under § 241(a)(5) of the Immigration and Nationality Act (INA). (Doc. 1 at 5-6). Petitioner expressed fear of returning to Mexico and was referred by ICE for a Reasonable Fear Interview by the United States Citizenship and Immigration Services' Asylum Office, pursuant to 8 C.F.R.

§§ 208.2, 208.30, and 208.31; reinstatement of Petitioner's previous removal order was suspended. Petitioner received a positive reasonable fear determination and was referred to the Immigration Court in Eloy, Arizona, where he applied for Withholding of Removal and relief under the United Nations Convention Against Torture (CAT). An Individual Calendar Hearing (merits hearing) is scheduled for May 11, 2017. (*Id.* at 6).

On February 23, 2017, Petitioner filed a motion for bond redetermination in the Immigration Court. (*Id.*). On that date, the Immigration Judge (IJ) found that Petitioner is in "Withholding Only proceedings" and that the IJ lacked jurisdiction to consider Petitioner's release on bond. (*Id.*). As such, Petitioner alleges that this denial and his continued detention violate his rights to due process under the Fifth Amendment and the Immigration and Nationality Act. Petitioner asks that this Court find that "the holding in *Rodriguez* [*v. Robbins*, 804 F.3d 1060 (9th Cir. 2015)] applies to aliens whose orders have been reinstated under 8 U.S.C. § 1231(a)(5), and applies to all aliens detained in the Ninth Circuit." (*Id*. at 2-3.) Petitioner further asks the Court to "order Respondents to release Petitioner, or to provide him with a proper bond hearing—where the Immigration Judge must consider whether Petitioner is a danger to the community or flight risk—at the earliest possible opportunity." (*Id*.)

## II. Motion for Preliminary Injunction

In his Motion for Temporary Restraining Order and/or Preliminary Injunction, Petitioner seeks an order requiring Respondents to provide him with an individualized bond hearing as soon as possible, but no later than fourteen days after a grant of injunctive relief, and findings that his continued detention is presumptively unreasonable.

Petitioner argues he is likely to succeed on the merits because controlling Ninth Circuit case law "unequivocally requires Respondents to provide him with an individualized bond hearing"; he is likely to suffer irreparable harm, in the form of continued detention, in the absence of relief; the balance of equities tips in his favor because "a bond hearing is hardly an imposition or a burden, especially because there is no certainty that Petitioner will even be released on bond"; and it is in the public interest

to prevent the further deprivation of Petitioner's liberty and violation of his due process rights. (Doc. 2 at 4-5.)

Respondents contend Petitioner is not likely to succeed on the merits of his Petition because his pending appeal before the BIA means he has not exhausted administrative remedies and because the merits of Petitioner's claim are not based on settled law. (Doc. 13 at 6-8). Respondents further argue Petitioner has not shown irreparable harm because his liberty or release from detention is not at issue in the Motion, rather the issue is only whether Petitioner is entitled to a bond hearing. Respondents point out that even if Petitioner is entitled to a hearing, she must establish she is eligible for release on bond and must satisfy the bond. (*Id.* at 7-8). Finally, Respondents claim that this matter is nearly fully briefed, only Petitioner's reply has yet to be filed, and the Court will then be in a position to rule on the merits of the Petition, rendering the need for a preliminary injunction moot. (*Id.* at 8-9.)

### III. Preliminary Injunction Standard

"'[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948, pp. 129-130 (2d ed. 1995)). To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Def. Council, Inc.,* 555 U.S. 7, 20 (2008); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

The Ninth Circuit's "serious questions" version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*. *Alliance for the Wild Rockies v. Cottrell* 632 F. 3d 1127, 1134 (9th Cir. 2011). Under that test, a preliminary injunction is appropriate when a plaintiff demonstrates that "'serious

questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor.'" *Id.* at 1134-35 (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)). The movant must also satisfy the other two *Winter* factors—likelihood of irreparable harm and that an injunction is in the public interest. *Id.* With respect to the irreparable harm prong, *Winter* specifically rejected the Ninth Circuit's "possibility of irreparable injury" standard. *Stormans, Inc. v. Selecky* 586 F.3d 1109, 1127 (9th Cir. 2009). Under *Winter*, a party seeking preliminary relief must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22. The Supreme Court explained that "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.*

Additionally, because Petitioner seeks a mandatory injunction—an injunction altering the status quo—a "heightened standard" applies. *Katie A. ex rel. Ludin v. Los Angeles County*, 481 F.3d 1150, 1156 (9th Cir. 2007). A mandatory injunction is "'particularly disfavored'" and a "district court should deny such relief 'unless the facts and law clearly favor the moving party.'" *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994) (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979).

**IV.  Discussion**

   **A.  Likelihood of Success on the Merits**

      **1.  Exhaustion**

Respondents first argue that because Petitioner has not fully exhausted his administrative remedies, the Court should decline to entertain the Petition at this time. However, exhaustion is a prudential rather than jurisdictional requirement. *Singh v. Holder,* 638 F.3d 1196, 1203 n. 3 (9th Cir. 2011). Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would

encourage the deliberate bypass of the administrative scheme; or (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. *Puga v. Chertoff,* 488 F.3d 812, 815 (9th Cir.2007). Even if these factors weigh in favor of prudential exhaustion, waiver of exhaustion may be appropriate "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft,* 370 F.3d 994, 1000 (9th Cir.2004) (citation and quotation marks omitted). Because there is no definitive timeframe within which the BIA must rule, the Court will decline to require prudential exhaustion.

## 2. Detention Under 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231(a)

Petitioner requests a determination of whether his detention arises under 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231(a). While § 1226(c) controls the detention of certain criminal aliens during the pendency of their removal hearings, § 1231(a) controls the detention of removable aliens "during" and "beyond" "the [statutory] removal period."

During withholding proceedings, the IJ may determine only if Petitioner should be granted withholding or deferral of removal. 8 C.F.R. § 1208.2(c)(3)(i). "During such proceedings, all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief." *Id*.

Nothing about a withholding-only proceeding allows the Petitioner to attack or relitigate the finality of his underlying removal order. His detention, thus, does not arise pursuant to § 1226(a).

> If Petitioner had a final order of removal (and was subject to detention under Section 1231) prior to expressing a fear of torture, and [s]he will have a final order of removal (and will be subject to detention under Section 1231) after [her] withholding proceedings are completed (no matter what the outcome is), . . . [her] detention status should [not] change as a matter of law during [her] withholding proceedings. Such a

> transitory appearance of new rights vis-a-vis an alien's ability to obtain bond makes no legal sense.

*Reyes v. Lynch*, No. 15-CV-00442-MEH, 2015 WL 5081597, at *4 (D. Colo. Aug. 28, 2015). The Court therefore finds that Petitioner's detention arises under 8 U.S.C. § 1231(a).

The Ninth Circuit's decision in *Diouf v. Napolitano*, 634 F.3d 1081, 1085 (9th Cir. 2011) (Diouf II), expressly applies to "aliens who have exhausted all direct and collateral review of their removal orders but who, for one reason or another, have not yet been removed from the United States." As Respondents argue, nothing about Petitioner's withholding proceedings affects the finality of his removal order. Accordingly, Petitioner's detention is governed by *Diouf II*. Moreover, *Diouf II* does not conflict with the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 671 (2001), because each decision provides a different remedy and the decisions work in harmony. *See Olivera-Julio v. Asher*, No. C14-1312-RSM, 2014 WL 6387351, at *2 (W.D. Wash. Nov. 14, 2014) ("After this six-month period, an alien is entitled to a bond hearing if removal is not imminent, *Diouf v. Napolitano*, 634 F.3d 1081, 1091-92, 1092 n. 13 (9th Cir. 2011), or conditional release if the alien can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future,' *Zadvydas*, 533 U.S. at 701.").

Because entitlement to a bond hearing after 6 months is mandated by Ninth Circuit precedent, the Court agrees with Petitioner that granting the request for injunctive relief is maintaining the status quo as directed by the Court of Appeals.

### B. Likelihood of Irreparable Injury

Petitioner has now been detained for significantly more than six months without a determination by an IJ that he is a flight risk or a danger to the community; he has therefore established a likelihood of irreparable injury. *Diouf*, 634 F.3d at 1091-92 (when civil detention of an alien "crosses the six-month threshold and release or removal is not imminent, the private interests at stake are profound . . . [and] the risk of an erroneous

deprivation of liberty in the absence of a hearing before a neutral decisionmaker is substantial.").

### C. Balance of Hardships and the Public Interest

Petitioner argues that the balance of hardship tips in his favor because his continued detention in the absence of a fair bond hearing is unlawful. Because granting a preliminary injunction will not automatically result in Petitioner's release, and there is no burden to Respondents in providing a fair bond hearing, the Court finds that the balance of hardships and the public interest favor the granting of a preliminary injunction.

## V. Conclusion

The Court finds that: Petitioner is likely to succeed on the merits of his Petition with regard to her right to a bond hearing, he is likely to suffer irreparable harm in the absence of a preliminary injunction, the balance of hardships tips in his favor, and that granting him a bond hearing is in the public interest. Accordingly, Petitioner's Motion will be granted to the extent he seeks a Preliminary Injunction. Because the Court will grant the request for a preliminary injunction, the Court will deny the Motion as moot to the extent it seeks a temporary restraining order.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn only with respect to the Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 2). All other matters in this action remain with the Magistrate Judge for disposition as appropriate.

(2) Petitioner's Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 2) is **granted in part and denied in part**. The Motion is granted to the extent that Petitioner seeks a preliminary injunction, and denied as moot to the extent Petitioner seeks a temporary restraining order, as set forth herein.

(3) Within **20 days**, Respondents must provide Petitioner with a hearing before an Immigration Judge with the power to grant him release on bond if the Immigration

Judge determines that he qualifies for release under applicable law. Petitioner is not required to post bond related to this injunction.

(4) Within **5 days** of Petitioner's forthcoming bond hearing, the parties must provide a joint status report to the Court indicating what remaining proceedings are necessary.

Dated this 1st day of June, 2017.

Honorable John J. Tuchi
United States District Judge